PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IAN GOOLSBY, SR.,

                            Plaintiff,

     v.                                               **DECISION AND ORDER**
                                                          16-CV-994-RJA

JEREMY OAKES, Investigator, RONALD
GUNN, Investigator, DAVID MILLER, Officer,
PATRICK JOHNSON, Officer, BROOK
SHAW, Officer, SUSAN RIDER-ULLACO,
SUE SKIDMORE, DANIEL VANDINE, FNU
HODGE, GERARD O'SULLIVAN,
UNKNOWN UNITED STATES DEPUTY
MARSHALS, and SHANE MARSHALL,

                            Defendants.

---

## PROCEDURAL BACKGROUND

*Pro se* Plaintiff Ian Goolsby, Sr. is a federal prisoner presently confined at the Federal Correctional Institution Elkton.[1] He is serving a sentence following his January 2017 jury trial conviction in this District (Hon. Charles J. Siragusa) of one count of possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851; one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); one count of

---

[1] *See Inmate Locator*, Federal Bureau of Prisons, Register Number: 24067-055, https://www.bop.gov/inmateloc/ (last visited May 1, 2023).

felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(2); and one count of possession of a firearm with a removed, altered or obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B).[2]

Plaintiff commenced the instant civil action in 2016 while he was a federal pretrial detainee awaiting trial. Plaintiff sought relief under 42 U.S.C. § 1983 and alleged, among other things, that he was falsely arrested, maliciously prosecuted, and subjected to unconstitutional conditions of confinement at the City of Elmira Police Headquarters. *See* Dkt. No. 8 ("Amended Complaint").[3]

In an order filed July 24, 2017 (the "first screening order") (Dkt. No. 12), the Court granted Plaintiff's request to proceed *in forma pauperis* and screened the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court dismissed Plaintiff's due process, malicious prosecution, and conspiracy claims as premature and without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994); dismissed his claims against defendants the City of Elmira, Chief Joseph Kane, and Sergeant Scott Packard alleging that they were responsible for the actions of the City of Elmira Police Investigators and Officers defendants, with prejudice; and stayed his false arrest claims against defendants City of Elmira Police

---

[2] *See United States v. Goolsby*, 6:15-CR-06095-CJS, Dkt. No. 96 (Judgment imposed April 26, 2017), and Dkt. No. 169 (Amended Judgment imposed December 6, 2022). The count of conviction that charged possession of a controlled substance, in violation of 21 U.S.C. §§ 844(a) and 851, was pardoned by the President, and thus Plaintiff was not resentenced on that count. *See* Dkt. No. 169, p. 1.

[3] Plaintiff's Amended Complaint was filed as of right pursuant to Federal Rule of Civil Procedure 15(a)(1).

Department Investigators and Officers Jeremy Oakes, Ronald Gunn, David Miller, Patrick Johnson, and Brook Shaw pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007), pending final determination of his appeal of his conviction before the United States Court of Appeals for the Second Circuit (Docket No. 17-1546-cr). Thus, the only remaining claims were the false arrest claims stayed under *Wallace*. The Court also directed Plaintiff to file a letter with the Clerk of the Court every three months moving forward to provide updates on the status of his Second Circuit appeal, and to "immediately inform" the Clerk of the Court upon disposition of his appeal.

On October 12, 2017, while his criminal appeal was still pending and the stay of this civil action remained in place, Plaintiff filed a Motion to Amend the Amended Complaint (Dkt. No. 15), which was denied without prejudice to refiling a proper motion to amend under Local Rule of Civil Procedure 15, *i.e.*, with a proposed amended complaint attached. Plaintiff thereafter filed another Motion to Amend (Dkt. No. 19), this time attaching a proposed Second Amended Complaint ("SAC") (Dkt. No. 19-1).

In an order filed January 25, 2019 (the "second screening order") (Dkt. No. 24), this Court lifted the stay for the limited purpose of reviewing the proposed amendment to Plaintiff's false arrest claims. The Court granted Plaintiff's Motion to Amend as to his false arrest claims only, and then restored the stay in light of Plaintiff's most recent letter stating his criminal appeal was still pending. To the extent the proposed SAC asked the Court to revisit the claims previously dismissed, including conditions of confinement (cold cell at Elmira Police Department), strip search, and conspiracy claims, the Court declined to do so because there was no

basis to reconsider the dismissal of those claims and, even if there was, the allegations in the SAC did not set forth cognizable claims. Dkt. No. 24, p. 2 n.2. Plaintiff filed a Notice of Interlocutory Appeal (Dkt. No. 25) from the second screening order. The Second Circuit dismissed the interlocutory appeal for lack of jurisdiction. Dkt. No. 27 (Mandate).

A subsequent letter from Plaintiff (Dkt. No. 31) advised the Court that the Second Circuit had affirmed his conviction in part, but vacated and remanded it for resentencing. Plaintiff also informed the Court that he had filed a petition for writ of certiorari with the United States Supreme Court (Docket No. 20-6662). The Second Circuit had remanded the case for resentencing because one of Plaintiff's prior state convictions for criminal possession of a controlled substance did not constitute a "controlled substance offense" under the United States Sentencing Guidelines and therefore could not be considered as such for sentence enhancements under the Guidelines. The Second Circuit otherwise affirmed the judgment, including Judge Siragusa's denial of Plaintiff's suppression motion related to the initial traffic stop and search of the vehicle. *See United States v. Goolsby*, 6:15-CR-06095-CJS, Dkt. No. 128 (Mandate). On April 6, 2021, the Court entered a Text Order (Dkt. No. 32) continuing the stay of the false arrest claims because Plaintiff's petition for a writ of certiorari remained pending before the United States Supreme Court.

On June 21, 2021, the Supreme Court denied Plaintiff's petition. *See United States v. Goolsby*, 820 F. App'x 47 (2d Cir. 2020) (summary order), *cert. denied* 141 S. Ct. 2818 (2021).

On August 10, 2022, Plaintiff filed a Third Amended Complaint ("TAC") (Dkt. No. 34) but without a motion for leave to file a third amended complaint as required under Federal Rule of Civil Procedure 15(a)(2).  The TAC is substantively similar to the prior complaints and realleges the same underlying facts and claims asserted previously.  It again alleges facts related to the traffic stop and search of the vehicle; Plaintiff's strip search and placement in a cold cell at the Elmira Police Department; Plaintiff's state court prosecution; the transfer of evidence from officers of the Elmira Police Department to federal authorities and the filing of a criminal complaint in federal court and dismissal of the state charges; and the search by state and federal authorities of the residence of the mother (Muniz) and grandmother of Plaintiff's child in Horseheads, New York and seizure of Plaintiff's property, including his case file, jewelry, a cell phone, and $500 in money orders.

While there are additional allegations set forth in the TAC, the Court discerns no substantive difference between the claims raised in the SAC and TAC.  The TAC adds a few "different" or "new" defendants, *i.e.*, Susan Rider-Ullaco, Chemung County Assistant District Attorney ("ADA") who appeared for the state in Plaintiff's original charges filed in Chemung County upon his arrest (Dkt. No. 34, p. 7 ¶ 10, p. 23 ¶ 56); Sue Skidmore, Mayor of City of Elmira who is presumably substituted for the former Mayor who was named in the SAC (*compare* Dkt. No. 19-1, p. 1 ¶ 3 *with* Dkt. No. 34, p. 5 ¶ 3); Hodge, a Sheriff's Deputy at the Chemung County Jail, previously named in the SAC as John Doe #1 (*compare* Dkt. No. 19-1, p. 4 ¶13 *with* Dkt. No. 34, p. 8 ¶ 11); Unknown United States Deputy Marshals and Shane Marshall (a Deputy U.S. Marshal) who apparently were present at the search of the

Muniz residence (Dkt. No. 34, p. 9 ¶¶ 13-14, pp. 42-48 ¶¶ 102-114); Gerard O' Sullivan, an Agent employed by the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (Dkt. No. 34, p. 8 ¶ 12); and Daniel Vandine, an Investigator employed by the City of Elmira Police Department (Dkt. No. 34, p. 6 ¶ 6).

The only material or substantive difference the Court discerns is that Plaintiff may be adding two new requests for relief: (1) that ADA Rider-Ullaco provide Plaintiff with the "case file" as it relates to the original state court prosecution that was dismissed and followed by the federal prosecution ("People v. Goolsby (2015)"); and (2) that the property seized at the Muniz residence be returned to him.  Dkt. No. 34, pp. 48-49 ¶¶ 114-116, 118-119.  The SAC did allege that Plaintiff's case file was unlawfully seized from Muniz's home, along with jewelry and a cell phone.  Dkt. No. 19-1, p. 14 ¶ 58.  The Court presumes the two case files sought are not the same; rather, one appears to be ADA Rider-Ullarco's case file in the state prosecution and the other is Plaintiff's own case file seized from the Muniz residence.  Plaintiff again requests compensatory and punitive damages.  *Compare* Dkt. No. 19-1, p. 18 *with* Dkt. No. 34, p. 50, ¶¶ 120-121.

As is explained further herein, the Court lifts the stay of the false arrest claims—the only remaining claims—because Plaintiff's federal criminal proceedings are no longer pending, *see Wallace*, 549 U.S. at 393-94, and the false arrest claims are dismissed under *Heck*, 512 U.S. at 484, 486-87, because Plaintiff's conviction was affirmed on direct appeal and because success on the false arrest claims would impugn the validity of the conviction.  Moreover, the Court construes the TAC as a

6

motion to amend the SAC and a proposed TAC.  See *Jackson v. Yando*, No. 9:13-cv-01279 (MAD/TWD), 2014 WL 3955734, 2014 U.S. Dist. LEXIS 111936, *5-7 (N.D.N.Y. Aug. 13, 2014) (adopting report and recommendation, and construing Plaintiff's amended complaint as a motion to amend the complaint); *see also Santiago v. Stamp*, 303 F. App'x 958, 961 (2d Cir. 2008) (summary order) ("In ensuring justice for *pro se* litigants, [f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.") (internal quotation marks and citation omitted).  The Court denies the motion to amend the SAC, however, because the claims pleaded in the TAC are futile.

## DISCUSSION

### I. Lifting the Stay and Dismissing the False Arrest Claims

The Court stayed the false arrest claims under *Wallace* to preserve those claims in the event Plaintiff's conviction was reversed or overturned.  *See Wallace*, 549 U.S. at 393-94.  As set forth in *Wallace*,

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.  If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393-94; *see also Jovanovic v. Bonilla,* 04 CV 8437 (PAC), 2008 WL 355515, 2008 U.S. Dist. LEXIS 8974, *6 (S.D.N.Y. Feb. 7, 2008) ("In lieu of allowing the

7

[false arrest] claim to accrue indefinitely, the Supreme Court [in *Wallace*] found it more desirable to force a petitioner to bring a false arrest claim within three years of arraignment (or other commencement of legal process), and to permit the district court faced with the action to stay the matter until any ongoing underlying criminal proceedings were resolved, thus eliminating the possibility of inconsistent judgments.").

Because Plaintiff's appeal process has now concluded, the stay is lifted, *cf. Bristol v. Nassau County*, CV 08-3480 (JFB)(WDW), 2010 WL 1660238, 2010 U.S. Dist. LEXIS 39634, *3-4 (E.D.N.Y. Apr. 22, 2010) (denying motion to lift stay because criminal appeal was still pending), and this action must be dismissed without prejudice under *Heck* because success on the false arrest claims would impugn the validity of the underlying conviction, *see Heck*, 512 U.S. at 486-87; *see also Wallace*, 594 U.S. at 393-94 (holding that "if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."); *Bennett v. N.Y. City Police Dep't Transit Dist. 1*, 19-CV-0403 (CM), 19-CV-0876 (CM), 2019 WL 1595845, 2019 U.S. Dist. LEXIS 64310, *4 (S.D.N.Y. Apr. 12, 2019) (dismissing the plaintiff's false arrest claims because his "conviction has not been reversed on direct appeal or called into question by a federal court's granting of *habeas corpus*, [and] any award of damages based on his claim of false arrest would impugn the validity of the conviction, and cannot proceed.").

Accordingly, the stay is lifted, and the false arrest claims are dismissed without prejudice. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999)

8

("Disposition of the claims on *Heck* grounds . . . warrants only dismissal *without* prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.' ") (italics in original), quoting *Heck*, 512 U.S. at 487.

II. **Denying the Motion to Amend the Second Amended Complaint and to File a Third Amended Complaint**

Construing the TAC as a motion to amend (*see Jackson*, 2014 U.S. Dist. LEXIS 111936, at *5-7), the Court finds that the motion must be denied because the claims asserted in the TAC have been dismissed previously by the Court in the first and second screening orders, and thus the claims asserted therein are futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend when "[r]epleading would . . . be futile"). As addressed above, in the first screening order, Plaintiff's due process, malicious prosecution, and conspiracy claims were dismissed without prejudice pursuant to *Heck*; his claims against the City of Elmira, Chief Kane, and Sergeant Packard alleging that they were responsible for the actions of the City of Elmira Police Investigators Officers were dismissed with prejudice; and the only remaining claims then were the false arrest claims stayed under *Wallace*.

The TAC repleads the same or similar factual allegations giving rise to the same claims that the Court previously dismissed in the first screening order and the second screening order, either without prejudice under *Heck*, or with prejudice under 28 U.S.C. §§ (e)(2)(B) and 1915A(b) because they failed to state claims upon which

9

relief can be granted.  This is the same attempt Plaintiff made when he moved to file the SAC (*see* Dkt. Nos. 19 and 19-1), and the Court denied any attempts to have the Court revisit the claims dismissed previously in the first screening order (*see* Dkt. No. 24, p. 2 n.2 ("To the extent Plaintiff's Motion to Amend asks the Court to revisit claims previously dismissed including conditions of confinement (cold cell), strip search, and conspiracy claims, the Court declines to do so because the allegation in the [SAC] do not set forth cognizable claims under the Fourth and Fourteenth Amendments.")).  Plaintiff cannot now reassert claims that have been dismissed; therefore, the TAC is futile and the motion to amend is denied.[4]

## CONCLUSION

For the foregoing reasons, the stay of this action is lifted, and the sole remaining false arrest claims are dismissed without prejudice under *Heck*, 512 U.S. at 486-87.  Furthermore, Plaintiff's TAC, construed as a motion to amend the SAC

---

[4] To the extent Plaintiff may be asserting new requests for relief in the form of return of his personal items seized by Deputy United States Marshal Shane Marshall (or the United States) from the Muniz residence on March 8, 2017, and disclosure of the state prosecutor's case file "as it relates to People v. Goolsby (2015)" (Dkt. No. 34, p. 49 ¶¶ 118-119), any request to amend to assert those claims in this action is denied.  While a criminal defendant may file a separate civil action seeking the return of seized property under Federal Rule of Criminal Procedure 41(g) when the criminal case is closed, *see Diaz v. United States*, 517 F.3d 608, 610-11 (2d Cir. 2008), the Court denies leave to amend the SAC to add this claim.  Allowing an amendment at this time when all other claims have been dismissed would needlessly delay the final disposition of this action.  *See Krumme v. Westpoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) ("One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action.") (internal quotation marks and citation omitted).  Plaintiff is free to file a separate civil action requesting that relief.  *See Diaz*, 517 F.3d at 610 ("A Rule 41(g) motion that is brought after the criminal proceeding is over is treated as a civil equitable action.").  The Court makes no comment regarding the merits of any such action.

Furthermore, to the extent Plaintiff asks the Court to order disclosure of the ADA's file in the state court prosecution, this is simply not within the jurisdiction of this Court nor has Plaintiff stated a constitutional violation against ADA Rider-Ullaco.

and proposed TAC, is denied. The Clerk of Court is directed to take all steps necessary to close the case.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

                                             *s/Richard J. Arcara*
                                        HONORABLE RICHARD J. ARCARA
                                        UNITED STATES DISTRICT COURT

Dated:      May 2, 2023
              Buffalo, New York